WARTHEN *et al. v.* PARMER, executor, *et al.*

No. 7931.   FEBRUARY 28, 1931.

**460**

*John Andy Smith,* for plaintiffs in error.

*Slade & Swift, McCutchen & Bowden, H. B. Pease, J. Q. Davidson,* and *Paul Blanchard,* contra.

ATKINSON, J.   We are of the opinion that the court correctly held that the following language used in item 7 of the will, to wit, "and direct that at her death [meaning the wife of testator] the heirs to said real estate herein mentioned take possession of said real estate," means, and can only mean, in view of certain other items, that the defendants May Hempley and others, the children of Lillian and Jessie Lou Proctor, take all of the real estate not specifically devised in items 3, 4, 5, 6, and 8 of the will and in the codicil; for, as will be seen by examination, devises and bequests are made by those items with no qualifications, no remainders, and no conflicting interests.   The money and personal property given in item 3 includes all of the testator's money and personal property of every description in fee simple, except the sum of one thousand dollars.   The testator bequeathed certain other specific legacies, about which there can be no question.

The intervenors in this case can claim no interest under items 4, 5, and 6; and none of the other parties to this suit can claim or are claiming any interest in the real estate devised to Mrs. Sheridan under item 8.   There are no conflicts, no doubts, and no uncertainty, giving item 7 the construction which the court below gave it, and which we have held to be the proper construction.   If,

as charged by the intervenors, the executor has in his possession certain money and personal property which ought to be turned over to them under the provisions of the will, they can maintain their action for this; and there is nothing to indicate that the intervenors' right to any of the money or personal property which was bequeathed under item 3 of the will is being contested by any of the other parties to the suit. None of the defendants to whom the judgment was adverse, except the intervenors, excepted to the judgment. We think that the court properly dismissed and disallowed the intervention in this case.

*Judgment affirmed. All the Justices concur.*